WILLIAM C. VOSBURGH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Vosburgh v. Commissioner
Docket No. 16380-81.
United States Tax Court
T.C. Memo 1983-690; 1983 Tax Ct. Memo LEXIS 100; 47 T.C.M. (CCH) 348; T.C.M. (RIA) 83690; November 21, 1983. William C. Vosburgh, pro se. Janice M. Fallman, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent determined a deficiency of $8,155 in petitioner's income tax for 1977. At issue is whether a certain capital gain recognized by petitioner in 1977 is a tax preference item subject to the minimum tax. Some of the facts have been stipulated and are so found. Petitioner William C. Vosburgh resided in Oakland, California, when the petition in this case was filed. On the Schedule D included in his 1977 *102 income tax return petitioner reported a long-term capital gain of $128,741 from the sale of a 34-unit apartment building known as 1438 Madison Street, Oakland, California, and claimed a section 1202 [1] deduction of $64,371. On January 23, 1981, petitioner filed a complaint for damages with the United States District Court for the Northern District of California, which included the following allegations: 2. Defendant is the United States of America. 3. The jurisdiction of this Court is invoked pursuant to the provisions of the Fifth Amendment to the United States Constitution, and Title 28, United States Code, Section 1331, as hereinafter more fully appears. 4. On or about August 21, 1978, the INTERNAL REVENUE SERVICE an agency of defendant, sent a notice to plaintiff purporting to be a "Correction of Arithmetic" (Form 4084) to plaintiff's 1977 Form 1040. Form 4084 purported that plaintiff owed to the INTERNAL REVENUE *103 SERVICE the sum of $12,459.04, and provided that payment of that amount was then due. 5. On or about September 21, 1978, the INTERNAL REVENUE SERVICE sent to plaintiff the first of a series of demands for payment of amounts purportedly due. On or about October 13, 1978, the INTERNAL REVENUE SERVICE sent to plaintiff a demand for payment which included a threat to file a Notice of Federal Tax Lien, and to seize his property, wages, and assets to satisfy the purported unpaid tax. 6. Since the first letter from the INTERNAL REVENUE SERVICE to plaintiff, varying amounts have been demanded, and adjustments in said amounts have been made by the INTERNAL REVERNUE SERVICE, consistent with admissions by the INTERNAL REVENUE SERVICE of errors on its part. At last report, the amount purportedly owing to the INTERNAL REVENUE SERVICE by plaintiff is $8543.80, although plaintiff is not informed as to the amount the INTERNAL REVENUE SERVICE is demanding as of the time of the filing of this Complaint. 7. In fact, and as revealed by plaintiff in several letters to the INTERNAL REVENUE SERVICE, which letters were apparently ignored by the INTERNAL REVENUE SERVICE, no additional tax is *104 due from plaintiff to the INTERNAL REVENUE SERVICE, for the year 1977 or for any other year. On April 15, 1981, respondent issued the deficiency notice with respect to which the petition in this case was filed. On May 5, 1981, the United States as defendant to the lawsuit filed by petitioner in the aforementioned district court case filed an answer which included the following language: 2. Admits the allegations contained in paragraph 2. 3. Denies the allegations contained in paragraph 3. 4. Admits the allegations contained in paragraph 4. 5. Denies the allegations contained in paragraph 5 of plaintiff's complaint for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truch thereof. 6. Denies the allegations contained in paragraph 6 of plaintiff's complaint for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof, except alleges that the balance of tax owing on plaintiff's 1977 return has been abated. 7. Denies the allegations contained in paragraph 7 of plaintiff's complaint for the reason *105 that defendant United States of America presently lacks knowledge of information sufficient to form a belief as to the truth thereof, except admits no additional tax is now due from plaintiff for the year 1977. On June 12, 1981, petitioner's complaint for damages was dismissed with prejudice pursuant to Rule 41(a)(1)(ii), Federal Rules of Civil Procedure, as the result of the filing of a stipulation of dismissal signed by both parties. Section 56(a) provides that: In addition to the other taxes imposed by this chapter, there is hereby imposed for each taxable year, with respect to the income of every person, a tax equal to 15 percent of the amount by which the sum of the items of tax preference exceeds the greater of-- (1) $10,000, or (2) the regular tax deduction for the taxable year (as determined under subsection (c)). "Items of tax preference," as defined by section 57(a)(9)(A), include, for individual taxpayers, an amount equal to one-half of the net capital gain for the taxable year. The burden of proof is on the petitioner. Rule 142(a). Petitioner presented no evidence directly related to the issue before us. He *106 relies instead on two arguments. At trial, petitioner stated that the apartment building known as 1438 Madison Street, Oakland, California, was his principal residence, and argued that any capital gain from the sale thereof is not an item of tax preference because section 57(a)(9)(D) provides that for purposes of subparagraph (A), gain from the sale or exchange of a principal residence shall not be taken into account. In so arguing, petitioner failed to notice that section 57(a)(9)(D) is applicable only to sales made after July 26, 1978, in tax years ending after such date. Petitioner's first argument is thus without merit. On brief, petitioner contends that paragraphs 6 and 7 of the United States' answer to his suit in district court, which abated the tax assessed as a correction of arithmetic by respondent for petitioner's 1977 taxable year, also have the effect of abating the deficiency notice on which the petition in this case is predicated. According to petitioner, the deficiency notice is therefore a nullity, and his petition should be dismissed. Petitioner correctly points out that the Secretary is authorized to abate the unpaid portion of the assessment of any tax *107 under certain circumstances. Sec. 6404. [2] Petitioner falls into error, however, in equating the statutory notice of deficiency dated April 15, 1981, with an assessment of tax, for section 6213(a) explicitly provides to the contrary: Time for Filing Petition and Restriction on Assessment.-- Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851 or section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. The Secretary was thus forbidden by law from making, *108 for the period specified in section 6213(a), an assessment of the deficiency determined in the April 15, 1981 notice of deficiency; nor is there any evidence in the record to suggest that an attempt to make such an assessment was made. Since no assessment of the deficiency determined in the April 15, 1981 deficiency notice was made on or before May 5, 1981, the United States' answer dated May 5, 1981 to petitioner's claim in district court could not have abated any assessment arising out of the notice of deficiency here in issue. The language of paragraphs 6 and 7 of the United States' answer in the aforementioned district court case is regrettably imprecise, and mush trouble could have been saved by the exercise of more care in their drafting. Imprecise or not, however, paragraphs 6 and 7 cannot serve to abate a nonexistent assessment; *109 nor can they abate any assessment which may in due course arise from the April 15, 1981 notice of deficiency. [3]
Petitioner also makes the argument that respondent should not be allowed to take inconsistent positions in this case and the earlier district court case, and that the April 15, 1981 deficiency notice should therefore be treated as nullified by paragraph 7 of the United States' answer to petitioner's district court claim. Unfortunately for petitioner, the Tax Court is a court of limited jurisdiction, section 7442, and does not have jurisdiction to grant the relief requested. Pesch v. Commissioner,78 T.C. 100, 130 (1982). Petitioner's legal arguments having been considered and rejected, and petitioner having presented no evidence on the issue before us, respondent's determination must be upheld. Rule 142(a). [4]
*110 Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The applicable regulation provides: Sec. 301.6404-1. Abatements. (a) The district director or the director of the regional service center may abate any assessment, or unpaid portion thereof, if the assessment is in excess of the correct tax liability, * * * or if the assessment has been erroneously or illegally made. [Income Tax Regs.]↩
3. See Schildhaus v. Commissioner,T.C. Memo. 1969-283, affd. per curiam 442 F.2d 1343↩ (2d Cir. 1971).
4. Respondent concedes that petitioner has already paid $547.75 of the deficiency determined in this case. This amount should be credited as of the date of its receipt in determining the amount due pursuant to this decision.↩